# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF NEW YORK

DOMINIQUE CASTILE.

**Plaintiff,**

v.

COUNTY OF NIAGARA, SHERIFF
MICHAEL J. FILICETTI, in his official and
individual capacity, LEANNE GIACCOTTO,
R.N., LINDSAY GETZ, R.N., UMBRINE
FATIMA, M.D., PRIMECARE MEDICAL OF
NEW YORK, INC., PRIMECARE MEDICAL,
INC., JOHN DOE 1 through 5 (said Niagara
County supervisor(s) and/or Niagara County
Sheriff Office supervisor(s) or employee(s) or
staff on Duty involved in the incident and
underlying claims)

**Defendants.**

Index No. 1:25-cv-00655

**MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFF'S MOTION
FOR REMAND**

28 U.S.C. § 1447

Defendants, County of Niagara, Sheriff Michael J. Filicetti, in his official and individual capacity, Leanne Giaccotto, R.N., Lindsay Getz, R.N., Umbrine Fatima, M.D., Primecare Medical of New York, Inc., and Primecare Medical, Inc. (collectively "Petitioning Defendants"), filed a notice of removal in connection with this matter on or about July 21, 2025. The initial notice omitted a statement of unanimity from codefendants. Plaintiff respectfully request that this Court

1

remand this case to the Supreme Court of Niagara County because the Defendants failed to move for removal without proper unanimity.

**POINT I**

Standard of Review

A notice of removal in a civil action must be filed in accordance with 28 U.S.C. § 1446(a) & (b). The notice must be signed in accordance with Rule 11 of the Federal Rules of Civil Procedure and must contain a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action. 28 U.S.C. § 1446(a). Finally, the notice must be filed within thirty (30) days of service of the summons or complaint. 28 U.S.C. § 1446(b).

"Although there is no express statutory requirement that all defendants either join the petition for removal or consent to such removal, there is widespread agreement among the district courts, including those in the Second Circuit, that 'all named [defendants] over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper.'" This "rule of unanimity" applies regardless of whether the removing parties predicate federal subject matter jurisdiction on diversity or federal question. See *Ell*, 34 F.Supp.2d at 194 (citing *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir.1986))." *Borden v. Blue Cross & Blue Shield of W. New York*, 418 F. Supp. 2d 266, 269–70 (W.D.N.Y. 2006) (internal citations omitted). Here, despite the fact that codefendants had all been served prior to the notice of removal, the Petitioning Defendant failed to expressly state that all codefendants expressing consent to removal nor have any codefendants expressed consent to removal by submitting letters to the district court within removal period. See, *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012).

All of the co-defendants had been served prior to the removal defendant's motion for removal was filed on July 21, 2025. The affidavits of service along with several answers of the co-defendants were filed by the removal defendant as exhibits to the removal motion. NYSCEF Doc. No. 3 - 12. Defendant Primecare Medical of New York Inc. was served on June 3, 2025 and the affidavit of serve was filed in the state court action on June 12, 2025. NYSCEF Doc. No. 3. Defendant Leanne Giacotto, RN was served on June 10, 2025 and the affidavit of service was filed in the state court action on June 24, 2025. NYSCEF Doc. No. 4. Defendant Lindsay Getz, RN was served on June 10, 2025 and the affidavit of service was filed in the state court action on June 24, 2025. NYSCEF Doc. No. 6. Defendant Niagara County was served on June 10, 2025, and the affidavit of service was filed in the state court action on June 24, 2025. Defendant Rene Marriot, RN was served on June 19, 2025, and the affidavit of service was filed in the state court action on June 24, 2025. NYSCEF Doc. No. 9. Defendant Sherrif Michael J. Filicetti was served on was served on June 14, 2025, and the affidavit of service was filed in the state court action on June 24, 2025. NYSCEF Doc. No. 10. Defendant Umbrine Fatima, MD was served on June 19, 2025, and the affidavit of service was filed in the state court action on June 24, 2025. NYSCEF Doc. No. 12. At the time the removal was filed, defendant Fatima was not represented by removing counsel nor his firm, but was represented by his own counsel who had requested an extension of time to answer that was granted by plaintiff. Upon information and belief, defendant Fatima did not consent to the removal nor was consulted in advance of it.

**CONCLUSION**

Plaintiff respectfully request that this Court remand this case to the Supreme Court of Niagara County because the moving Defendants did not properly obtain unanimity for removal or file a statement thereof.

DATED this 21st day of August 2025.

> /s/ Melissa D. Wischerath
> Melissa D. Wischerath
> Lipsitz Green Scime Cambria LLP
> 42 Delaware Avenue, #120
> Buffalo, NY 14202
> (716) 849-1333
> mwischerath@lglaw.com
> Of Attorneys for Plaintiff