UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DOMINIQUE CASTILE,

|  |  |
|---|---|
| Plaintiff, | **REPORT, RECOMMENDATION AND ORDER** |
| v. | |
| COUNTY OF NIAGARA, *et al.*, | Case No. 1:25-cv-655-JLS-JJM |
| Defendants. | |

---

Before the court are plaintiff Dominique Castile's motion to remand this action to state court [5] and defendants' motions to dismiss Castile's Complaint pursuant to Fed R. Civ. P. ("Rule") 12(b)(6) [8, 15],[1] which have been referred to me by District Judge John L. Sinatra, Jr. Sinatra for initial consideration [6]. Having reviewed the parties' submissions [8, 11-15], for the following reasons I recommend that Castile's motion to remand be denied, and that the defendants' motions to dismiss likewise be denied, but without prejudice to renewal following amendment of the Complaint, and I order that defendants' request for attorney's fees be denied.

## BACKGROUND

Castile commenced this action in State of New York Supreme Court, County of Niagara on May 29, 2025, seeking recovery under 42 U.S.C. §1983, the Americans with Disabilities Act, and state law for allegedly deficient medical treatment while a pretrial detainee at the Niagara County Jail. Complaint [1-2]. On July 21, 2025 attorney Paul A. Sanders of

---

[1]    Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

Barclay Damon LLP, purporting to represent all named defendants, filed a Notice of Removal to this court [1], based on federal question jurisdiction.

On August 21, 2025 Castile moved to remand to state court, arguing that "[a]t the time the removal was filed, defendant [Umbrine] Fatima [MD] was not represented by removing counsel nor his firm, but was represented by his own counsel . . . . Upon information and belief, defendant Fatima did not consent to the removal nor was consulted in advance of it". Castile's Memorandum of Law [5-1] at 3.[2]

Responding to the motion, attorney Sanders argues that his "firm represented Dr. Fatima on the date the case was removed, July 21, 2025, and continues to represent Dr. Fatima presently . . . . This firm continues to represent Dr. Fatima as co-counsel with Connors LLP". Sanders Declaration [11], ¶9. He further argues that the motion is untimely because it was filed more than 30 days after the Notice of Removal. Id., ¶7. Finally, he seeks "attorney's fees pursuant to . . . Rule 54 and 42 U.S. Code §1988" because the "motion is meritless, not supported by admissible evidence and has caused Defendants to incur unnecessary attorney's fees". Id., ¶11. On behalf of Dr. Fatima, attorney Roach joins in attorney Sanders' opposition to remand (except the request for attorney's fees) [13].

In reply, Castile attempts to justify the untimeliness of his remand motion by arguing that on the "day of the removal, counsel from Barclay Damon emailed seeking an extension of time to answer. Plaintiff ultimately agreed to it, on the condition of waiver of service issues and expressly reserved a right to move to remand before the answer was filed". Castile's Memorandum of Law [14] at 2; [14-3] at 2. He also argues that the Notice of Removal "was untimely since it was filed more than 30 days after the last defendants were served"

---

[2]     Dr. Fatima is represented by attorney Michael J. Roach of Connors LLP. *See* [10, 13, 15].

(Castile's Memorandum of Law [14] at 4), but since this argument was not raised in his initial motion, I do not consider it. *See* United States v. Yousef, 327 F.3d 56, 115 (2d Cir. 2003) ("[w]e will not consider an argument raised for the first time in a reply brief").

In addition to opposing remand, the named defendants also move pursuant to Rule12(b)(6) to dismiss the Complaint for failure to state a cause of action. [8, 15].

## DISCUSSION

### A. Motion to Remand

28 U.S.C. §1447(c) provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)". Therefore, "all motions for remand - except those based on lack of subject matter jurisdiction - must be made within 30 days after removal or they are waived". Hamilton v. Aetna Life and Casualty Co., 5 F.3d 642, 643 (2d Cir. 1993). "An objection based on a lack of unanimity as to removal falls within that rule." Crenshaw v. McNamara, 119 F. Supp. 3d 148, 150 (W.D.N.Y. 2015).

It is undisputed that the Notice of Removal was filed on July 21, 2025, and that Castile's motion for remand was not filed until 31 days later, on August 21, 2025. While Castile argues that Barclay Damon LLP agreed to an extension of his deadline for a remand motion, that agreement would bind Dr. Fatima only if he was in fact represented by that firm - in which case he would also be deemed to have consented to the removal. *See* Link v. Wabash Railroad Co., 370 U.S. 626, 634 (1962) ("each party is deemed bound by the acts of his lawyer-agent"). On the other hand, if Dr. Fatima was *not* represented by Barclay Damon LLP, then he was not bound by that firm's agreement to extend Castile's deadline for a remand motion, and there is no indication

that attorney Roach consented to an extension on his behalf. Therefore, under either scenario, the motion for remand must fail.

However, defendants' request for attorneys' fees pursuant to Rule 54 and 42 U.S.C. §1988, lacking any explanation as to how either provision justifies the award, is denied. *See* Palin v. New York Times Co., 113 F.4th 245, 279 (2d Cir. 2024) (issues "unaccompanied by some effort at developed argumentation" are forfeited).

## B. Motions to Dismiss

If Judge Sinatra rejects my recommendation to deny remand, then defendants' motions to dismiss [8, 15] will be decided in state court, applying state pleading rules. However, if the case remains in this court, then without deciding the issue at this time, it appears to me that there is merit to at least some portions of defendants' motions to dismiss. However, if I were to recommend dismissal of all or portions of Castile's Complaint, I would give him an opportunity to replead, since "[t]his circuit strongly favors liberal grant of an opportunity to replead after dismissal of a complaint under Rule 12(b)(6)". Noto v. 22nd Century Group, Inc., 35 F.4th 95, 107 (2d Cir. 2022).

"It is well established that district courts possess the inherent power to manage their dockets so as to achieve the orderly and expeditious disposition of cases . . . including the authority to decide the order in which to hear and decide pending issues". Steuben Foods, Inc. v. Nestle USA, Inc., 2015 WL 13545911, *2 (W.D.N.Y. 2015). Since it appears likely that an Amended Complaint will need to be filed if the case remains in this court, I recommend that the motions to dismiss be denied, without prejudice to renewal if the case is not remanded and an Amended Complaint is filed.

**CONCLUSION**

For these reasons, I recommend that Castile's motion to remand [5] be denied, that defendants' motions to dismiss [8, 15] likewise be denied without prejudice to renewal, and I order that defendants' request for attorneys' fees be denied.  Unless otherwise ordered by District Judge Sinatra, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by March 18, 2026. Any requests for extension of this deadline must be made to Judge Sinatra. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". <u>Wesolek v. Canadair Ltd.</u>, 838 F. 2d 55, 58 (2d Cir. 1988); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. <u>Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: March 4, 2026

                                     /s/    Jeremiah J. McCarthy
                                    JEREMIAH J. MCCARTHY
                                    United States Magistrate Judge

-5-