UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**DOMINIQUE CASTILE,**
*Plaintiff,*

*-against-*

**NIAGARA COUNTY,**
**NIAGARA COUNTY SHERIFF MICHAEL J. FILICETTI,**
**LEANNE GIACCOTTO, R.N.,**
**LINDSAY GETZ, R.N.,**
**RENE MARRIOTT, R.N.,**
**UMBRINE FATIMA, M.D.,**
**MICHAEL GANDT, P.A.,**
**PRIMECARE MEDICAL OF NEW YORK, INC.,**
**PRIMECARE MEDICAL, INC.,**
**JOHN DOE 1 through 5 (said Niagara County supervisor(s) and/or Niagara County Sheriff Office supervisor(s) or employee(s) or staff on Duty involved in the incident and underlying claims),**

*Defendants.*

Civil No: 1:25-cv-00655-JLS-JJM

**OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**BARCLAY DAMON LLP**

By: *s/ Bridget Daley Atkinson*
Bridget Daley Atkinson, Esq.
Paul A. Sanders, Esq.

*Attorneys for Defendants County of Niagara, Sheriff Michael J. Filicetti, Leanne Giaccotto, R.N., Lindsay Getz, R.N., Rene Marriott,RN, Michael Gandt, P.A. Primecare Medical of New York, Inc., and Primecare Medical, Inc.*
Office and Post Office Address
100 Chestnut Street, Suite 2000
Rochester, New York 14604
Tel: (585) 295-4426
Email: psanders@barclaydamon.com

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..... 1
PROCEDURAL HISTORY ..... 1
STANDARD OF REVIEW ..... 2
SUMMARY OF MAGISTRATE REPORT ..... 3
ARGUMENT ..... 4
POINT I PLAINTIFFS' DELIBERATE INDIFFERENCE CLAIMS ARE PROPERLY DISMISSED ..... 4
A. The R&R Erroneously Sustains the Claims Against Defendants Giaccotto, Getz, and Marriott ..... 4
B. The R&R Erroneuoulsy Sustaints the Claims Against Defendant Gandt ..... 5
POINT II PLAINTIFF FAILED TO PLAUSIBLY ALLEGE THAT THE INDIVIDUAL MEDICAL DEFENDANTS WERE CONFRONTED WITH AN OBJECTIVELY SERIOUS MEDICAL NEED ..... 6
CONCLUSION ..... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).......................................2, 4

*Atuahene v. City of Hartford*,
10 F. App'x 33 (2d Cir. 2001).......................................4

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007).......................................2

*Bruno v. City of Schenectady*,
727 F. App'x 717 (2d Cir. 2018).......................................6

*Charles v. Orange County*,
925 F.3d 73 (2d Cir. 2019).......................................6

*Darnell v. Pineiro*,
849 F.3d 17 (2d Cir. 2017).......................................5

**Statutes**

28 U.S.C. § 636(b)(1)(C).......................................2

42 U.S.C § 1983.......................................1, 3, 4

**Other Authorities**

FRCP 72(b)(3).......................................2

FRCP 8.......................................4

FRCP 12(b)(6).......................................1, 2

## PRELIMINARY STATEMENT

Defendants respectfully object in part to the Report and Recommendation (the "R&R") insofar as it recommends denial of the Rule 12(b)(6) motion to dismiss Plaintiff's § 1983 deliberate-indifference claims against Leanne Giaccotto, R.N., Lindsay Getz, R.N., Rene Marriott, R.N., and Michael Gandt, P.A. (collectively, the "Medical Defendants").

Plaintiff's claims arise from alleged delays related to deep vein thrombosis ("DVT") and pulmonary emboli ("PE"). Even accepting the FAC's factual allegations as true, the claims against the Medical Defendants should be dismissed because the FAC:

- fails to plausibly allege that any particular Medical Defendant was confronted with an objectively serious medical need;
- relies on impermissible group pleading as to Giaccotto, Getz, and Marriott; and
- alleges, at most, negligence or disagreement with medical judgment as to Gandt, not deliberate indifference.

## PROCEDURAL HISTORY

Plaintiff commenced this action by filing a Summons and Complaint in Niagara County Supreme Court on May 29, 2025. NYSCEF Dkt No. 1 & 2. Medical Defendants filed a Notice of Removal on July 21, 2025. CM/ECF Dkt. No. 1. Plaintiff filed a motion to remand on August 21, 2025. CM/ECF Dkt. No. 5. Plaintiff's motion to remand was denied on March 30, 2026. CM/ECF Dkt. No. 18.

The Medical Defendants filed motions to dismiss Plaintiff's Complaint on August 29, 2025. CM/ECF Dkt. No. 8. Defendants' motions to dismiss were denied, without prejudice to renew if Plaintiff failed to file an Amended Complaint by April 10, 2026. CM/ECF Dkt. No. 19. Plaintiff filed an Amended Complaint ("FAC") on April 10, 2026. CM/ECF Dkt. No. 22.

Medical Defendants' along with County of Niagara, Michael J. Filicetti, PrimeCare Medical of New York, Inc. and PrimeCare Medical, Inc. filed a Motion to Dismiss Plaintiff's Amended Complaint on May 15, 2026. CM/ECF Dkt. No. 27. Defendant Fatima also filed a Motion to Dismiss Plaintiff's Amended Complaint on May 27, 2026. CM/ECF Dkt. No. 30. The R&R dismissed all claims against County of Niagara, Michael J. Filicetti, PrimeCare Medical of New York, Inc., PrimeCare Medical, Inc. and Dr. Fatima. The R&R held that the claims against the Medical Defendants can proceed.

## STANDARD OF REVIEW

A district court reviews *de novo* those portions of a magistrate judge's report and recommendation to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To the extent a party makes only conclusory or general objections, or simply reiterates prior arguments, review is for clear error.

In conducting *de novo* review, the Court applies the same standard governing a motion to dismiss under Rule 12(b)(6). To survive dismissal, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible only where the pleaded facts permit the Court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court must accept well-pleaded factual allegations as true, it need not credit legal conclusions, "[t]hreadbare recitals of the elements," or conclusory statements unsupported by factual content. *Iqbal*, 556 U.S. at 678.

This Court should decline to adopt the Magistrate Report to the extent it recommends denial of the Medical Defendants' motion to dismiss.

## SUMMARY OF MAGISTRATE REPORT

The R&R correctly recommends dismissal of Plaintiff's *Monell* claims against PrimeCare Medical of New York, Inc. and PrimeCare Medical, Inc., finding that the FAC does not plead facts sufficient to establish an unconstitutional policy or practice.

The R&R, however, errs by recommending that the individual-capacity § 1983 claims against Medical Defendants, Giaccotto, Getz, Marriott, and Gandt proceed. As to Giaccatto, Getz, and Marriott, the R&R rejected Medical Defendants' group-pleading argument because the FAC names each nurse in Plaintiff's generalized group pleading that "none of them" documented his complaints or consulted a supervisor. This reasoning mistakes a collective allegation for an individualized one, simply because Plaintiff's lists each defendant in the group, and ignores the FAC's failure to plead what each nurse personally encountered, knew, or did.

The R&R also concluded that the FAC plausibly alleges that the individual Medical Defendants were confronted with an objectively serious medical need, relying on generic allegations that Plaintiff complained of pain, swelling, and difficulty breathing over an eleven-day period, as well as a hindsight later DVT and PE diagnosed. Medical Defendants object because those symptoms are pleaded generically and collectively over time, not as symptoms presented to any particular defendant during a particular encounter.

The R&R found that Gandt's recommendation to "f/u with ortho in 10-14 days" in response a single non-emergent complaint of leg soreness was not "timely and responsive care." This allegation, at most, is a disagreement with the adequacy or timing of medical care and does not plausibly allege deliberate indifference, particularly in the absence of factual allegations that Plaintiff presented to Gandt in emergent condition.

## ARGUMENT

## POINT I

## PLAINTIFFS' DELIBERATE INDIFFERENCE CLAIMS ARE PROPERLY DISMISSED

### *A. The R&R Erroneously Sustains the Claims Against Defendants Giaccotto, Getz, and Marriott*

Rule 8 requires allegations giving each defendant fair notice of the conduct attributed to that defendant; a complaint that "lump[s] all the defendants together" without a factual basis to distinguish their conduct is insufficient. *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001). Likewise, § 1983 liability must rest on each defendant's own conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

The FAC does exactly what *Atuahene* prohibits. Paragraph 35 alleges that, over the eleven-day period from June 24 through July 4, Plaintiff complained of pain, swelling, and difficulty breathing "to defendants Leanne Giaccotto, R.N., Lindsay Getz, R.N. and Rene Marriott, R.N.," and that "none of them" documented his complaints or consulted a supervisor.

It does not allege when Plaintiff encountered each nurse, what symptoms he reported to each, what each nurse observed or knew at that time, or what each individually did in response. Those omissions are dispositive because deliberate indifference requires facts permitting an inference that each individual defendant knew or should have known that Plaintiff faced an excessive risk and recklessly failed to act with reasonable care.

Naming three defendants in one sentence and alleging that "none of them" acted does not satisfy the rule requiring defendant-specific facts.

Indeed, the R&R applied this very principle in dismissing defendant Dr. Fatima. It held that the allegation that "the defendants waited a full day" to transfer Plaintiff could not establish Fatima's liability because "that group allegation is not specific as to Dr. Fatima." The same

reasoning requires dismissal of the claims against Giaccotto, Getz, and Marriott. The allegation that Plaintiff complained collectively to three nurses over eleven days and that "none of them" acted is in no way individualized.

Ultimately, the R&R draws a distinction between generic group pleading on behalf of "the defendants," as opposed to group pleading on behalf "the defendants," except with their names listed. Listing the members of a group does not individualize the allegations against them. The pleading must allege facts showing what each defendant personally knew and did; ¶ 35 does not do that.

Adopting the R&R's reasoning would enable plaintiffs to avoid the rule against group pleading simply by listing defendants in the group by name, instead of labeling them "the defendants," and then attributing the same undifferentiated conduct to all of them.

Accordingly, the District Court should reject the R&R insofar as it recommends denial of dismissal as to Giaccotto, Getz, and Marriott.

### *B. The R&R Erroneously Sustains the Claim Against Defendant Gandt*

The FAC contains only a single specific allegation against Gandt: "One June 24, 2024, despite Mr. Castile's complaints about soreness of his right leg, Defendant Gandt did not educate Mr. Castile on the risk of DVT, nor order any objective tests nor consult with a supervisor such as Defendant Umbrine." FAC ¶34. Following this interaction, Gandt placed an order for Plaintiff to follow up with orthopedics in 10-14 days.

The R&R takes issue with the timeliness of Gandt's orthopedic referral, but an alleged departure from the medical standard of care is not deliberate indifference, particularly where, as here, Plaintiff merely alleges leg soreness, and no facts establishing Gandt was confronted with an emergent condition presenting an excessive risk and nevertheless recklessly failed to respond.

The R&R seems to acknowledge that the allegations merely sound in negligence or malpractice, not a constitutional violation. See *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017). Accordingly, the claim against Gandt is properly dismissed.

**POINT II**

**PLAINTIFF FAILED TO PLAUSIBLY ALLEGE THAT THE INDIVIDUAL MEDICAL DEFENDANTS WERE CONFRONTED WITH AN OBJECTIVELY SERIOUS MEDICAL NEED**

The R&R's errs in concluding that the FAC plausibly alleges that Medical Defendants were confronted with an objectively serious medical need. An objectively serious medical need must involve a condition of urgency that may result in death, degeneration, or extreme pain. *Bruno v. City of Schenectady*, 727 F. App'x 717, 720 (2d Cir. 2018). The later medical consequences may be relevant, *Charles v. Orange County*, 925 F.3d 73, 86 (2d Cir. 2019), but the FAC still must allege what symptoms were actually presented to each defendant at the time.

The R&R relied on the allegation that, "[f]rom June 24 through July 4," Plaintiff complained of pain, swelling, and difficulty breathing, together with the later hindsight DVT and PE diagnosis. But the FAC does not allege that this set of symptoms presented to any particular defendant at any particular time. Paragraph 35 alleges only that, over an eleven-day period, Plaintiff complained of those symptoms collectively to Giaccotto, Getz, and Marriott. It does not say which symptoms were reported to which nurse or when. The R&R improperly combines symptoms alleged over time presented generically to different defendants and treats that combined presentation as though each defendant personally observed it.

The error is even clearer as to Gandt. Plaintiff alleges only that, on June 24, Plaintiff complained of right-leg "soreness." It does not allege that Gandt was told of difficulty breathing, chest pain, significant swelling, abnormal vital signs, or other facts showing an urgent condition. The separate allegation that a competent medical professional should order testing for severe

postoperative pain and swelling does not cure that defect; it states a standard of care, not that those symptoms actually presented to Gandt. More fundamentally, Plaintiff does not allege Gandt had knowledge of any symptom beyond leg soreness.

The later diagnosis of DVT and PE does not transform vague, conclusory group allegations about symptoms into facts showing that any specific Medical Defendant was confronted with an objectively serious medical need. The FAC still must allege what symptoms were presented to each defendant and when; hindsight cannot stand in for facts that are not alleged.

Accordingly, the FAC fails to satisfy the objective prong against any individual Medical Defendant.

## CONCLUSION

Based on the foregoing, this Court should find that dismissal of Plaintiff's claims against the individual medical defendants is proper.

**DATED**: September 11, 2026

**BARCLAY DAMON LLP**

By: *s/ Bridget Daley Atkinson*
Bridget Daley Atkinson, Esq.
Paul A. Sanders, Esq.

*Attorneys for Defendants*
*County of Niagara, Sheriff Michael J. Filicetti, Leanne Giaccotto, R.N., Lindsay Getz, R.N., Rene Marriott,RN, Michael Gandt, P.A. Primecare Medical of New York, Inc., and Primecare Medical, Inc.*
Office and Post Office Address
100 Chestnut Street, Suite 2000
Rochester, New York 14604
Tel: (585) 295-4426
Email: psanders@barclaydamon.com